1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

Nathan Williams,

Plaintiff,

v.

Stg. Allen; et al.,

Defendants.

Case No. 2:17-cv-01612-RFB-DJA

**Order**

Before the Court is *pro se* Plaintiff Nathan Williams' motion for appointment of counsel. (ECF No. 61).  Defendants oppose Plaintiff's motion. (ECF No. 62).  Because the Court finds that exceptional circumstances exist here because Plaintiff's case is proceeding to trial, it grants Plaintiff's motion.

**I.      Background.**

Plaintiff is currently incarcerated at High Desert State Prison and is in the custody of the Nevada Department of Corrections (NDOC).  Defendant Harold Allen moved for summary judgment on Plaintiff's First Amendment retaliation claim and Eighth Amendment excessive force claim, which motion the Court denied.  (ECF No. 45).  Plaintiff's case is now set for trial on those claims beginning on October 17, 2022, with exhibit and witness lists, proposed *voir dire*, proposed jury instructions, findings of fact, conclusions of law, and trial briefs due October 7, 2022.  (ECF No. 60).

Plaintiff moved for appointment of counsel.  (ECF No. 61).  Plaintiff asserts that he is in administrative segregation, meaning that he cannot access the law library.  (*Id.*).  He adds that he is not receiving mail from friends or family who could assist and is only allowed to use the phone three or four times each week.  (*Id.*).

1    Defendant opposed.  (ECF No. 62).  Defendant asserts that Plaintiff has not demonstrated

2   extraordinary circumstances to support his motion.  (*Id.*).  Defendant adds that Plaintiff is not

3   actually in administrative segregation and has access to legal research.  (*Id.*).

4   **II.     Legal Standard.**

5          Courts have authority to request that an attorney represent any person unable to afford

6   counsel.  28 U.S.C. § 1915(e)(1).  The decision to appoint counsel is within the sound discretion

7   of the district court and requires a showing of exceptional circumstances.  *Agyeman v.*

8   *Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  To determine whether

9   exceptional circumstances exist, courts consider the likelihood that the plaintiff will succeed on

10   the merits as well as the plaintiff's ability to articulate his claims "in light of the complexity of the

11   legal issues involved."  *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.

12   1986)).  Neither factor is dispositive, and both must be viewed together.  *Wilborn*, 789 F.2d at

13   1331.

14   **III.    Discussion.**

15          The Court grants Plaintiff's motion to appoint counsel.  This case is factually like *Kern v.*

16   *Henry*, where the court found that an inmate proceeding *pro se* had established exceptional

17   circumstances because his case was proceeding to trial.  *See Kern v. Henry*, No. 2:13-cv-02227-

18   RFB-NJK, 2017 U.S. Dist. LEXIS 62435, at *2-3 (D. Nev. Apr. 24, 2017).

19
20
21
22
23
24
25
26
> With respect to the first factor, Plaintiff has demonstrated a likelihood of success on the merits of his remaining 8th Amendment claim.  This claim has survived summary judgment and will proceed to trial, and Plaintiff has presented evidentiary support for this claim. The second factor requires the Court to consider Plaintiff's ability to articulate his claims in consideration of the complexity of the legal issues presented…While Plaintiff has been able to sufficiently raise genuine issues of material fact for the one claim that is proceeding, this standard is different and less burdensome than what he will face at trial.  The Court finds that the complexity of the relevant legal issues and requirements for trial preparation in this case warrant the appointment of counsel.

27          *Id.*

28

1    Here, Plaintiff has demonstrated both a likelihood of success and an inability to articulate

2    his claims considering the complexity of the legal issues.  First, Plaintiff's claim—like the

3    Plaintiff's claim in *Kern*—has survived summary judgment and is proceeding to trial.  Second,

4    Plaintiff's causes of action—like the cause of action in *Kern*—involves legal nuances of

5    retaliation, excessive force, and the complexities that trial preparation on these issues presents.

6    While Defendant is correct that Plaintiff has successfully maintained his case thus far, the

7    complexity that preparing his upcoming trial presents warrants the appointment of counsel.

8    Additionally, while Defendant disputes that Plaintiff is in administrative segregation, the parties'

9    different allegations are not enough for the Court to deny Plaintiff's motion.  Regardless of

10   whether Plaintiff is in administrative segregation, he will face difficulty preparing his case for

11   trial simply because he is an inmate.  The Court thus grants Plaintiff's motion under 28 U.S.C.

12   § 1915(e).

13       Because the Court will exercise its discretion to appoint counsel and grant Plaintiff's

14   motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to

15   attempt to find an attorney to accept Plaintiff's case.  Plaintiff should be aware that the Court has

16   no authority to *require* attorneys to represent indigent litigants in civil cases under 28 U.S.C.

17   § 1915(e).  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989).

18   Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts

19   the assignment.  *Id.*  Additionally, Plaintiff is reminded that until counsel is appointed, he is still

20   responsible for complying with all deadlines in his case.  If counsel is found, an order appointing

21   counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

22

23       **IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel

24   (ECF No. 61) is **granted.**

25       **IT IS FURTHER ORDERED** that this case shall be referred to the Pro Bono Program

26   adopted in Second Amended General Order 2019-07 for the purpose of screening for financial

27   eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for

28   Plaintiff.  Plaintiff is reminded that he must comply with all deadlines currently set in his case and

there is no guarantee that counsel will be appointed.  If counsel is found, an order appointing

counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

**IT IS FUTHER ORDERED** that the Clerk's office is kindly directed to forward this

order to the Pro Bono Liaison.


DATED: September 2, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE